BRUCE A. WAGMAN (CSB No. 159987)
BWagman@rshc-law.com
Riley Safer Holmes & Cancila LLP
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 275-8540
Facsimile: (415) 275-8551

PETER A. BRANDT (CSB No. 241287)
pbrandt@humanesociety.org
REBECCA CARY (CSB No. 268519)
rcary@humanesociety.org
The Humane Society of the United States
1255 23rd Street, NW, Suite 450
Washington, D.C. 20037
Telephone: (202) 452-1100
Facsimile: (202) 676-2357

Attorneys for Proposed Defendant-Intervenors
The Humane Society of the United States, Animal Legal Defense Fund, Animal Equality, The Humane League, Farm Sanctuary, Compassion in World Farming USA, Compassion Over Killing

FILED
CLERK, U.S. DISTRICT COURT

12-10-2019

CENTRAL DISTRICT OF CALIFORNIA
BY: ___PG___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH AMERICAN MEAT INSTITUTE,<br><br>Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California, KAREN ROSS, in her official capacity as Secretary of the California Department of Food and Agriculture, and SONIA ANGELL, in her official capacity as Acting Director of the California Department of Public Health,<br><br>Defendants,<br><br>and | Case No. 2:19-cv-08569-CAS (FFMx)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

THE HUMANE SOCIETY OF THE UNITED STATES, ANIMAL LEGAL DEFENSE FUND, ANIMAL EQUALITY, FARM SANCTUARY,

COMPASSION IN WORLD FARMING USA, THE HUMANE LEAGUE, and COMPASSION OVER KILLING,

Defendant-Intervenors.

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT-INTERVENORS

Pursuant to Federal Rule of Procedure 24(c), the Humane Society of the United States, the Animal Legal Defense Fund, Animal Equality, Farm Sanctuary, Compassion in World Farming USA, The Humane League, and Compassion Over Killing (collectively, "Defendant-Intervenors") submit this Answer and Affirmative Defenses to Plaintiff's Complaint to accompany Defendant-Intervenors' Motion for Leave to Intervene.

### INTRODUCTION AND SUMMARY

1. This paragraph sets forth Plaintiff's characterization of the nature and basis of Plaintiff's action to which no response is required. In addition, to the extent that the second sentence contains Plaintiff's characterization of Section 25990 of Title 13.8 of the California Health & Safety Code ("Proposition 12") no response is required and the Court is referred to that act for a full and accurate statement of its provisions. Cal. Health & Safety Code § 25990. To the extent an answer is required for these allegations, Intervenor-Defendants deny them.

2. This paragraph sets forth Plaintiff's characterization of the nature and basis

of Plaintiff's action to which no response is required. To the extent that the second sentence contains Plaintiff's characterization of Section 25990(b), no response is required and the Court is referred to this act for a full and accurate statement of their provisions. Cal. Health & Safety Code § 25990. To the extent an answer is required for these allegations, Intervenor-Defendants deny them.

3. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required. Defendant-Intervenors refer the Court to that act for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25990. To the extent an answer is required for these allegations, Intervenor-Defendants deny them.

4. This paragraph contains Plaintiff's characterization of Proposition 12 and legal conclusions, to which no response is required. Defendant-Intervenors refer the Court to that act for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25990. To the extent an answer is required for these allegations, Intervenor-Defendants deny that Proposition 12 violates the United States Constitution.

5. This paragraph contains Plaintiff's characterization of Proposition 12 and legal conclusions and baseless conclusions of fact, to which no response is required. Defendant-Intervenors refer the Court to that act for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25990. To the extent an answer is required for these allegations, Intervenor-Defendants deny each allegation in this paragraph.

6. This paragraph contains Plaintiff's characterization of Proposition 12, and legal conclusions to which no response is required. Defendant-Intervenors refer the Court to that section for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25990. To the extent an answer is required for these allegations, Intervenor-Defendants deny each allegation in this paragraph.

7. This paragraph contains Plaintiff's characterization of Proposition 12, and

1 legal conclusions to which no response is required. Defendant-Intervenors refer the
2 Court to that section for a full and accurate statement of its provisions. *See* Cal.
3 Health & Safety Code § 25990. To the extent an answer is required for these
4 allegations, Defendant-Intervenors deny each allegation in this paragraph.
5 ///
6 ///

## THE PARTIES

### PLAINTIFF

9    8. Defendant-Intervenors are without sufficient knowledge or information to confirm or deny this allegation.

11    9. The second sentence of this paragraph contains a legal conclusion to which no response is required. In addition, Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in the first, third and fourth sentences of this paragraph, and to the extent an answer is required for these allegations, Intervenor-Defendants deny each.

16    10. Defendant-Intervenors are without sufficient knowledge or information to confirm or deny this allegation. This allegation contains a legal conclusion to which no response is required. To the extent an answer is required for these allegations, Defendant-Intervenors deny each.

20    11. This paragraph contains legal conclusions to which no response is required.

### DEFENDANTS

22    12. Admit.
23    13. Admit.
24    14. Admit.

### JURISDICTION AND VENUE

26    15. This paragraph contains a legal conclusion to which no response is required.

28    16. This paragraph contains legal conclusions to which no response is

required.

17. The first sentence of this paragraph contains a legal conclusion to which no response is required. In addition, Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in the second sentence of this paragraph.

///

## LEGAL AND FACTUAL BACKGROUND

**A. Proposition 2 and Assembly Bill 1437**

18. Admit.

19. Admit.

20. This paragraph contains Plaintiff's characterization of Proposition 2, to which no response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25996. To the extent an answer is required for these allegations, Defendant-Intervenors deny each.

21. This paragraph contains Plaintiff's characterization of AB 1437, to which no response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25996. To the extent an answer is required for these allegations, Defendant-Intervenors deny each.

22. This paragraph contains Plaintiff's characterization of AB 1437, to which no response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25996. To the extent an answer is required for these allegations, Defendant-Intervenors deny each.

**B. Proposition 12**

23. Admit.

24. Admit.

25. Deny.

26. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and the Court is referred to that act for a full and

accurate statement of its provisions. *See* Cal. Health & Safety Code § 25990. To the extent an answer is required for these allegations, Defendant-Intervenors deny each.

27. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and the Court is referred to that act for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25991.

28. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and the Court is referred to that act for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25991.

29. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and the Court is referred to that act for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25991.

30. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and the Court is referred to that act for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25991.

31. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25992.

32. The first sentence contains a legal conclusion to which no response is required, to the extent a response is required, this allegation is denied. The second sentence of this paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25990.

33. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25991.

34. The first and second sentences of this paragraph contain legal conclusions and Plaintiff's characterization of Proposition 12, to which no response is required, and the Court is referred to that section for a full and accurate statement of its

provisions. *See* Cal. Health & Safety Code § 25991. To the extent a response to these allegations is required, Defendant-Intervenors deny each.

35. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25993.

36. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25993.

### C. Legislative Analyst's Office Report For Proposition 12.

37. Admit.

38. Admit.

39. Admit.

40. This paragraph contains Plaintiff's characterization of a Legislative Analyst's Office report, to which no response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* https://lao.ca.gov/BallotAnalysis/Proposition?number=12&year=2018.

41. This paragraph contains Plaintiff's characterization of a Legislative Analyst's Office report, to which no response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* https://lao.ca.gov/BallotAnalysis/Proposition?number=12&year=2018.

### D. Implementing Regulations

42. The first sentence of this paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and the Court is referred to that section for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25993. In addition, Defendant-Intervenors are without knowledge or information sufficient to confirm or deny the allegations in the second sentence of this paragraph, to the extent a response is required Defendant-Intervenors deny this allegation.

43. Defendant-Intervenors are without sufficient knowledge or information to confirm or deny this allegation.

## CLAIMS FOR RELIEF

## FIRST CLAIM

### (Discrimination in Violation of the Commerce Clause)

44. To the extent Plaintiff realleges and incorporates all preceding paragraphs, Defendant-Intervenors refer the Court to their responses to the specific preceding paragraphs.

45. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

46. his paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

47. Defendant-Intervenors deny the allegations in the first sentence. This paragraph includes Plaintiff's characterization of Proposition 12, to which no response is required and the Court is referred to that act for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25990, *et seq*. This paragraph also includes Plaintiff's characterization of legislative documents pertaining to a law (AB 1437) not challenged by Plaintiff to which no response is required and the Court is referred to those documents for a full and accurate statement of their provisions. *See* Cal. Assembly Comm. On Agriculture, Bill Analysis of AB 1437, at 1 (May 13, 2009).

48. This paragraph includes Plaintiff's characterization of Proposition 12, to which no response is required and the Court is referred to that act for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25990, *et seq*.

49. The first sentence includes legal conclusions to which no response is required, to the extent a response is required, Defendant-Intervenors deny these allegations. Defendant-Intervenors deny the allegations in the second sentence of this paragraph. This paragraph includes Plaintiff's characterization of Proposition

12, to which no response is required, and the Court is referred to that act for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25990, *et seq.*

50. Defendant-Intervenors are without sufficient knowledge or information to confirm or deny this allegation. To the extent a response is required to these allegations, Defendant-Intervenors deny each.

51. This paragraph includes legal conclusions to which no response is required, to the extent a response is required, Defendant-Intervenors deny these allegations. This paragraph includes Plaintiff's characterization of Proposition 12, to which no response is required and the Court is referred to that act for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25990, *et seq.*

52. This paragraph includes Plaintiff's characterization of Proposition 12, to which no response is required and the Court is referred to that act for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25990, *et seq.*

53. This paragraph includes Plaintiff's characterization of Proposition 12, to which no response is required and the Court is referred to that act for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25990, *et seq.*

54. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. The first sentence of this paragraph is denied. The second sentence of this paragraph includes Plaintiff's characterization of the FMIA, to which no response is required, and the Court is referred to that act for a full and accurate statement of its provisions. *See* 21 U.S.C. § 601 *et seq.*

60. This paragraph includes Plaintiff's characterization of Proposition 12, to

which no response is required, and the Court is referred to that act for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25990, *et seq.* Defendant-Intervenors deny the last sentence of this paragraph.

61. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

62. Defendant-Intervenors are without sufficient knowledge or information to confirm or deny this allegation.

63. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

64. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

## SECOND CLAIM

### (Impermissible Extraterritorial Regulation)

65. To the extent Plaintiff realleges and incorporates all preceding paragraphs, Defendant-Intervenors refer the Court to their responses to the specific preceding paragraphs.

66. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

67. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny each allegation.

68. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

69. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

70. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

71. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

72. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

73. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

74. Defendant-Intervenors are without sufficient knowledge or information to confirm or deny this allegation.

75. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

76. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

## THIRD CLAIM

### (Excessive Burden in Violation of the Commerce Clause)

77. To the extent Plaintiff realleges and incorporates all preceding paragraphs, Defendant-Intervenors refer the Court to its responses to the specific preceding paragraphs.

78. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

79. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and the Court is referred to that regulation for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25990, *et seq*. To the extent a response is required, Defendant-Intervenors deny the allegations. Defendant-Intervenors deny the allegations in the second sentence.

80. Defendant-Intervenors are without sufficient knowledge or information to confirm or deny these allegations.

81. Defendant-Intervenors are without sufficient knowledge or information to confirm or deny these allegations.

82. Defendant-Intervenors are without sufficient knowledge or information to confirm or deny these allegations.

83. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and the Court is referred to that act for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25990, *et seq*.

84. This paragraph contains Plaintiff's characterization of Proposition 12, to which no response is required, and the Court is referred to that act for a full and accurate statement of its provisions. *See* Cal. Health & Safety Code § 25990, *et seq*. Defendant-Intervenors deny the allegations in the second sentence.

85. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

86. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

87. Deny.

88. Defendant-Intervenors are without sufficient knowledge or information to confirm or deny this allegation.

89. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

90. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

**RELIEF REQUESTED**

The balance of the Complaint constitutes a prayer for relief to which no answer is required. Defendant-Intervenors deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

Defendant-Intervenors hereby deny all allegations not expressly admitted or denied.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim on which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's action and request for injunctive relief are barred because Plaintiff

has an adequate remedy at law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's action and request for injunctive relief are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's action and request for injunctive relief are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred because plaintiff has not suffered any injury or damage.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred because its action is not ripe for adjudication.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff knowingly, voluntarily and unreasonably undertook to encounter each of the risks and hazards, if any, referred to in the Complaint and each alleged cause of action, and this undertaking proximately caused and contributed to any loss, injury or damages incurred by Plaintiff.

THEREFORE, having fully answered, Defendant-Intervenors assert that Plaintiff is not entitled to the relief requested, or to any relief whatsoever, and requests that this action be dismissed with prejudice and that Defendant-Intervenor be given such other relief as the Court deems just and proper.

Dated: October 29, 2019

RILEY SAFER HOLMES & CANCILA LLP

*/s/ Bruce A. Wagman*
Bruce A. Wagman (CSB No. 159987)
BWagman@rshc-law.com
RILEY SAFER HOLMES & CANCILA LLP

*Counsel for Proposed Defendant-Intervenors*