**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORTH AMERICAN MEAT INSTITUTE,<br><br>          Plaintiff-Appellant,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California; et al.,<br><br>          Defendants-Appellees,<br><br>THE HUMANE SOCIETY OF THE UNITED STATES; et al.,<br><br>          Intervenor-Defendants-<br>          Appellees. | No.    19-56408<br><br>D.C. No.<br>2:19-cv-08569-CAS-FFM<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted June 5, 2020
Pasadena, California

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  CALLAHAN and IKUTA, Circuit Judges, and BENCIVENGO,[**] District Judge.

North American Meat Institute (NAMI) appeals the district court's denial of its motion for a preliminary injunction.  We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

The district court did not abuse its discretion in holding that NAMI was unlikely to succeed on the merits of its dormant Commerce Clause claim.  NAMI acknowledges that Proposition 12 is not facially discriminatory.  The district court did not abuse its discretion in concluding that Proposition 12 does not have a discriminatory purpose given the lack of evidence that the state had a protectionist intent.  Given the inconsistencies in dormant Commerce Clause jurisprudence, the district court did not abuse its discretion in relying on *Association des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937 (9th Cir. 2013), to hold that Proposition 12 does not have a discriminatory effect because it treats in-state meat producers the same as out-of-state meat producers.  *See* Cal. Health & Safety Code § 25990(b); *Wayfair v. South Dakota*, 138 S. Ct. 2080, 2100–01 (2018) (Gorsuch, J., concurring).

---

[**]    The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

2

The district court did not abuse its discretion in concluding that Proposition 12 does not directly regulate extraterritorial conduct because it is not a price control or price affirmation statute. *See Healy v. Beer Inst.*, 491 U.S. 324, 336 (1989); *Pharm. Rsch. & Mfrs. of Am. v. Walsh*, 538 U.S. 644, 669–70 (2003).

The district court also did not abuse its discretion in holding that Proposition 12 does not substantially burden interstate commerce. Proposition 12 does not impact an industry that is inherently national or requires a uniform system of regulation. *See Pac. Nw. Venison Producers v. Smitch*, 20 F.3d 1008, 1014–15 (9th Cir. 1994). It was not an abuse of discretion to conclude that Proposition 12 does not create a substantial burden because the law precludes sales of meat products produced by a specified method, rather than imposing a burden on producers based on their geographical origin. *See Pike v. Bruce Church, Inc.*, 397 U.S. 137, 145 (1970).

Finally, because the district court did not abuse its discretion when it held that NAMI was unlikely to succeed on the merits, the district court did not err when it refused to consider the other preliminary injunction factors. *See Glob. Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007). **AFFIRMED.**